UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>C. TRAN, et al.,<br><br>    Defendants. | Case No. 15-cv-05377-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 11 |

Kareem Howell, a prisoner currently housed at the Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain of conditions of confinement at the Santa Clara County Jail, where he was housed earlier. The court dismissed the amended complaint with leave to amend. Howell then filed a second amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

In his second amended complaint, Howell alleges the following about events that occurred at the Santa Clara County Jail:

Howell "suffers from a frankly severe to extreme degree of psychiatric symptoms of his bipolar [a]ffective disorder condition." Docket No. 11 at 8.

Howell was transferred from the California State Prison - Sacramento psychiatric service facility to the Santa Clara County Jail on or about July 16, 2015. *Id.* at 8. Upon his arrival at the county jail, he was evaluated by staff to determine his mental health treatment needs. He was placed in a "segregated 'supermax' housing unit" due to an inadequate mental health system. *Id.* at 8. The Santa Clara County Department of Corrections has adequate mental health housing, but

1    Howell was not put there and was denied access to the mental health treatment programs and
2    services. *Id.* at 8-9. Howell filed grievances about his "illegal housing" and his "housing situation
3    and the neglect [of] his mental health disorder," all of which were denied. *Id.* at 9. Lieutenant
4    Meyers "reviewed each complaint and failed to act." *Id.* The supermax unit is "an environment
5    'toxic' to a prisoner with a serious mental disorder." *Id.* at 10. Howell was only allowed out of
6    his cell for one hour every other day in the supermax unit which provides "extreme isolation." *Id.*
7    at 11. (He was there only about six or seven weeks.) He was denied mental health services from
8    July 16 through September 6, 2015. *Id.* at 10-11.

9    On September 1, 2015, correctional officer Mahaffey came to Howell's cell and falsely
10   accused Howell of flushing his extra clothes down the toilet. Shortly thereafter, Howell started to
11   experience suicidal thoughts and told Mahaffey of his problem. Mahaffey responded, "first you
12   flush your clothing down the toilet, now you say you're suicidal. Kill yourself." *Id.* at 5. Howell
13   "became manic and started to have a psychotic reaction episode" which Mahaffey failed to
14   recognize. *Id.* Howell requested that Mahaffey call mental health staff to speak with Howell.
15   Mahaffey then opened the food port and pepper-sprayed Howell. Mahaffey next ordered Howell
16   to submit to handcuffs and exit the cell. Howell complied; once he was handcuffed and outside
17   the cell, several officers roughly grabbed him and someone punched him in his eye for no reason.
18   *Id.* at 6. Elsewhere the second amended complaint alleges that it was Mahaffey who punched
19   Howell in the face. *Id.* at 9.

20   After the pepper spray incident, lieutenant Meyers had Howell moved to the mental health
21   floor and had his correctional officers write up a false infraction report. *Id.* at 9. Howell was
22   found guilty of the infraction by the shift supervisor on September 8, 2015. *Id.* at 6. On
23   September 10, correctional captain Hoyt dismissed the infraction report.

24   Correctional officer C. Tran was assigned to the mental health housing unit, where Howell
25   was housed on September 14, 2015. *See* Docket No. 11 at 2, 15. On September 14, 2015, Tran
26   refused to give Howell his morning meal. Howell told Tran that he needed to take his medications
27   with a meal, and Tran replied, "oh, well." *Id.* at 2. Tran threatened Howell when Howell
28   questioned him, and refused to let Howell report the problem to the medical nurse or Tran's

1   supervisor. Tran placed duct tape around the cracks of Howell's cell door so Howell could not be
2   heard outside the cell and put a sheet over the window on the cell door so Howell could not see
3   outside his cell. The application of the tape and the sheet to the cell caused Howell to become
4   manic and to have a "psychotic reaction episode." *Id.* at 4. Howell requested Tran to obtain
5   medical services for him, but his request was denied.

6   Correctional lieutenant E. Meyers "was grossly negligent in managing the people he was
7   suppose[d] to supervise" and "create[d the] policy and/or custom that allowed and/or encouraged
8   the plaintiff's rights to be wrongfully violated." *Id.* at 8. Correctional captain Hoyt was grossly
9   negligent in managing her correctional employees and "created a policy in (sic) which allows
10  seriously mentally ill inmates to be illegally housed in 'supermax' housing units." *Id.* at 10.

## DISCUSSION

13  A federal court must engage in a preliminary screening of any case in which a prisoner
14  seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28
15  U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any
16  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
17  seek monetary relief from a defendant who is immune from such relief. *See id.* at §
18  1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police
19  Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
21  right secured by the Constitution or laws of the United States was violated and (2) that the
22  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
23  U.S. 42, 48 (1988).

24  Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and
25  unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104
26  (1976). The requirements for mental health care are the same as those for physical health care
27  needs. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). A prison official violates
28  the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,

objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the second amended complaint states a cognizable claim against defendant Mahaffey for deliberate indifference to Howell's mental health needs based on Mahaffey's actions on September 1, 2015. Mahaffey allegedly failed to summon mental health staff when Howell requested such assistance and instead responded by pepper-spraying Howell.

Liberally construed, the second amended complaint states a cognizable claim against defendant Tran for deliberate indifference to Howell's mental health needs based on Tran's actions on September 14, 2015. The allegations of the second amended complaint suggest that Tran tried to provoke the mentally ill inmate (e.g., by taping the cracks of the cell door and covering the cell window in a mental health unit for no legitimate reason) and, more importantly, failed to summon medical assistance when the inmate suffered some sort of mental health crisis.

Liberally construed, the second amended complaint states a cognizable claim against lieutenant E. Meyers for deliberate indifference to Howell's mental health needs based on the allegations that Meyers reviewed each of Howell's grievances that concerned the neglect of Howell's mental health at the jail and failed to act. See Docket No. 11 at 9.[1] Howell also alleged that his grievances complained about his "illegal" housing in his grievances; as noted in an earlier order, there is no blanket constitutional prohibition on housing mentally ill inmates in maximum security housing. *See* Docket No. 9 at 4.

---

[1] Lieutenant Meyers' potential liability is under the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment. No due process claim is stated against lieutenant Meyers because there is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). On the other hand, lieutenant Meyers' responses to Howell's inmate appeals may form the basis for liability for an *ongoing* Eighth Amendment violation. For example, if a defendant only denies an inmate appeal about a medical problem that already had occurred and had been resolved, there would be no constitutional violation; on the other hand, where the problem is an ongoing medical need and the request is made in an inmate appeal to remedy the ongoing problem, Eighth Amendment liability may be based on the denial of an inmate appeal, just as it can be based on the denial of a verbal request from an inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he fails to respond to a prisoner's request for help). Liberally construed, Howell's second amended complaint alleges that lieutenant Meyers knew of and failed to remedy an ongoing deprivation of mental health care for Howell.

Excessive force also may amount to the cruel and unusual punishment prohibited by the Eighth Amendment. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Liberally construed, the second amended complaint states a cognizable claim against defendant Mahaffey for the use of excessive force on Howell on September 1, 2015 in that Mahaffey allegedly sprayed Howell when the latter "had not jeopardized any person's safety or threatened the county jail security," and punched Howell. Docket No. 11 at 6, 9.

A claim for relief is not stated based on the allegedly false infraction report that was written. False charges alone are not actionable under § 1983 because falsely accusing a person of misconduct does not violate a right secured by the Constitution or laws of the United States. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995) – that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement – does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). Here, Howell does not identify any protected liberty interest of which he was deprived, nor does it seem that he could, given that the disciplinary charge was dismissed by the correctional captain less than two weeks after it was written.

The second amended complaint does not state a claim against lieutenant Meyers (other than for deliberate indifference as stated above) or against correctional captain Hoyt. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, these defendants do not have liability based on the fact that they are in charge of the jail or wrongdoers and Howell has not alleged facts to show the personal

involvement of captain Hoyt in the constitutional deprivation or a sufficient causal connection between his wrongful conduct and the constitutional violation. Howell also did not adequately allege municipal liability because he did not plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to support municipal liability, even assuming arguendo he had sued any defendant in his or her official capacity. *See AE v. County of Tulare*, 666 F.3d 631, 636-38 (9th Cir. 2012). (The court had explained the need to plead such facts in an earlier order.)

**CONCLUSION**

1. Liberally construed, the second amended complaint states cognizable § 1983 claims against correctional officer C. Tran, correctional officer Mahaffey, and correctional lieutenant E. Meyers (#10194) for violations of Howell's rights under the Eighth Amendment. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the second amended complaint, and a copy of this order upon the following individuals, all of whom apparently work for the Santa Clara County Department of Corrections in the facility at 180 West Hedding Street, San Jose, California:.

- correctional officer C. Tran
- correctional officer Mahaffey
- correctional lieutenant E. Meyers (#10194)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 2, 2016**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 30, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 13, 2017**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7

1  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: September 9, 2016

_____
SUSAN ILLSTON
United States District Judge