UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>       Plaintiff,<br><br>    v.<br><br>C. TRAN, et al.,<br><br>       Defendants. | Case No. 15-cv-05377-SI<br><br>**ORDER DENYING MOTION TO FILE EXHIBIT UNDER SEAL**<br><br>Re: Dkt. No. 29 |

This *pro se* prisoner's civil rights action includes a claim about the use of force on plaintiff when he was removed from his cell at the Santa Clara County Jail. Defendants have moved for summary judgment. In connection with that motion, Defendants have filed a motion to file an exhibit under seal.

Defendants wish to have filed under seal Exhibit 1 to the McHugh Declaration. Exhibit 1 is a DVD copy of a 5-minute, 30-second video-recording of plaintiff's removal from his cell. Defendants urge that Exhibit 1 should be sealed because it "contains confidential and highly sensitive footage of the County of Santa Clara Main Jail facility related to the September 1, 2015 incident involving the removal and transfer of Plaintiff from his jail cell." Docket No. 29 at 2. Defendants cite *Castillon v. Corrections Corp. of America*, 2015 WL 3948459 (D. Idaho June 29, 2015), as support for the proposition that "[v]ideo footage of security incidents at prisons and jails justify sealing the video" because of security concerns related to the publication of such a video. Docket No. 29 at 2.

The court may order a document filed under seal "upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable'). The request must be narrowly

tailored to seek sealing only of sealable material." N. D. Cal. Local Rule 79-5(b). There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted). In prisoner cases, genuine concerns that the release of the document will endanger staff or inmates can support an order sealing a document.

Upon due consideration of the motion to seal Exhibit 1, the court disagrees with defendants' assessment of the risk of danger that would flow from making Exhibit 1 public. Critically, Exhibit 1 contains a video taken with a handheld video-recorder carried by a member of the correctional staff during plaintiff's removal from his cell. This makes the present situation distinguishable from the *Castillon* case cited by defendants, where the exhibit in question contained footage "taken from a surveillance camera at [the prison], with depictions of . . . angles and span of the cameras in [the pod]," and the cameras were still in use at their same locations. *Castillon*, 2015 WL 3948459 at *2-3. A curious person watching the video in *Castillon* could figure out what area could not be seen with the camera, and use that information for nefarious purposes, such as attacking someone in an area known not to be visible to the camera. There is no similar potential with Exhibit 1 because the footage is not from a camera in a fixed location. A curious person watching Exhibit 1 could not determine how to avoid being captured on video by a correctional official carrying a camera. Exhibit 1 also does not capture any image of a control panel or any other security device at the jail. In short, Exhibit 1 does not provide any sensitive information about the positioning and viewing capabilities of any surveillance system. For this reason, the court finds that defendants have not overcome the presumption favoring public access to court records. Accordingly, the application to file Exhibit 1 under seal is DENIED. (Docket No. 29.)

2

Having decided that the Exhibit 1 will not be filed under seal, there remains the issue of what to do with it. Respondent may (a) retrieve Exhibit 1 within seven days of the date of this order so that it will not become part of the public record, or (b) file a notice that Exhibit 1 may be filed in the public record. *See generally* Local Rule 79-5(f). Unless the exhibit is made part of the public record, the court will not consider it for purposes of ruling on defendants' motion for summary judgment.

**IT IS SO ORDERED**.

Dated: May 1, 2017

_____
SUSAN ILLSTON
United States District Judge